IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01172-WYD-MEH

PURZEL VIDEO GmbH,

    Plaintiff,

v.

DONALD BIBY,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court in connection with Plaintiff's Motion and Memorandum for Default Judgment against Defendant Donald Biby ("Biby"), the only remaining Defendant in this case.  This motion was referred to Magistrate Judge Hegarty for a recommendation.  A Recommendation of United States Magistrate Judge was issued on April 23, 2014, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Hegarty recommends therein that Plaintiff's Motion and Memorandum for Default Judgment against Biby be granted in part and denied in part. (*See* Recommendation at 1, 16.)  Specifically, he first notes that Defendant Biby did not answer or respond to the Amended Complaint before the deadline, and that an Entry of Default was docketed by the Clerk of the Court on December 26, 2013.  (*Id.* at 8.)  He further notes that Biby did not respond to the motion for default judgment.  (*Id.*)

It is then recommended that default judgment be entered in Plaintiff's favor against Biby pursuant to Fed. R. Civ. P. 55(b)(2). (Recommendation at 9.) In support of this, Magistrate Judge Hegarty finds that the Court has personal jurisdiction over Biby and subject matter jurisdiction, and that "Plaintiff has established a violation of its copyrighted work by Biby, in that a computer at Biby's residence participated in an illegal download of Plaintiff's motion picture." (*Id.* at 10.) Magistrate Judge Hegarty also finds that "Plaintiff has established that Biby copied Plaintiff's copyright protected work" and "recommends that the District Court find Biby has committed a direct infringement of the Copyright Act against Plaintiff as set forth in Count I of the Amended Complaint. (*Id.* at 13.) He recommends, however, that the Court find that "Plaintiff has failed to demonstrate Biby's liability as to contributory infringement as set forth in Count II of the Amended Complaint. (*Id.*) As to damages, it is recommended that Biby be ordered to pay Plaintiff $2,250.00 in statutory damages as authorized by 17 U.S.C. § 504(c)(1), and $676.66 for attorney's fees and costs as authorized by 17 U.S.C. § 505. (*Id.* at 16.)

Finally, Magistrate Judge Hegarty recommends that the Court grant in part and deny in part Plaintiff's request for injunctive relief. (Recommendation at 15-16.) Thus, it is recommended that Plaintiff's request for an order directing Biby to "destroy all copies of Plaintiff's Motion Picture" from "any computer hard drive or server without Plaintiff's authorization" that are within Biby's "possession, custody, or control" be granted. (*Id.* at 15.) On the other hand, Magistrate Judge Hegarty recommends that the Court deny Plaintiff's request for an order enjoining Biby from directly or indirectly infringing on

Plaintiff's rights in the copyrighted motion picture, as he finds that Plaintiff failed to proffer evidence sufficient to justify this request. (*Id.* at 15-16.)

Magistrate Judge Hegarty advised the parties that written objections were due within fourteen (14) days after service of the Recommendation. (Recommendation at 1 n. 1.) Despite this advisement, no objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. The Recommendation is well reasoned and persuasive. I agree that Plaintiff should be granted default judgment against Defendant Biby for direct infringement of the Copyright Act. I further agree with the recommendation on damages—that Biby should pay Plaintiff $2,250.00 in statutory damages and $676.66 for attorney's fees and costs. Finally, I agree that Plaintiff's request for injunctive relief

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

should be granted in part and denied in part as set forth in the Recommendation. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated April 23, 2014 (ECF No. 77) is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff's Motion and Memorandum for Default Judgment Against Defendant Donald Biby (ECF No. 73) is **GRANTED IN PART AND DENIED IN PART**; namely, it is granted as to the request for a default judgment and for damages, and granted in part and denied in part as to the request for injunctive relief. Therefore, it is

ORDERED that the Clerk of Court shall enter judgment in Plaintiff's favor against Defendant Donald Biby for direct copyright infringement of Plaintiff's copyrighted work as set forth in Count I of the Amended Complaint. It is

FURTHER ORDERED that Defendant Biby shall pay Plaintiff the sum of $2,250.00 in statutory damages and $676.66 for attorney's fees and costs. It is

FURTHER ORDERED that Defendant Biby shall permanently destroy all the digital media files relating to, and copies of, Plaintiff's copyrighted work made or used by him in violation of Plaintiff's exclusive rights, as well as all master copies in his possession, custody or control from which such copies may be reproduced. Finally, it is

ORDERED that Plaintiff's request for "entry of preliminary and permanent injunctions providing that [Biby] shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture" is denied.

Dated: May 16, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge